## Brewer License

*George S. Black,* for appellant.
*Rudolph M. Wertime,* for Commonwealth.

WINGERD, P. J., December 10, 1954.—

### Findings of Fact

1. Appellant is William C. Brewer, a practicing physician having his office in the Borough of Greencastle, Franklin County, Pa., and engaged in a small town and rural general medical practice which covers quite a large area, he being on the staff of the hospitals in Chamberburg, Pa.; Waynesboro, Pa., and Hagerstown, Md.

2. Appellant is 42 years of age and he has been driving automobiles for approximately 26 years.

3. On January 8, 1953, appellant paid a fine of $10 and $3.50 in costs, under protest, but without a hearing, for an alleged violation of section 1002, subsec. (*a*), of The Vehicle Code, information for which was filed by a Pennsylvania State policeman after

and growing from the accident or collision to which reference is hereinafter made.

4. Except as set forth in finding of fact no. 3, appellant has not paid a fine or been convicted of any violation of The Vehicle Code.

5. In the course of his work as a physician, appellant is required to and does use an automobile at all hours of the day and night, and he drives between 45,000 and 55,000 miles per year.

6. On the night of November 16, 1952, at about 1:45 a.m., at a point approximately three miles North of the Borough of Greencastle, on Pennsylvania Highway United States Route 11, which is a three-lane, concrete highway, appellant was driving southwardly in a heavy fog on his way from a Mr. Eckstine's home to the Hagerstown Hospital where he had an ill maternity case. At a point at or very near the Dixie Service Station, then illuminated, appellant passed a Blue Ridge bus which was also proceeding in a southwardly direction.

7. In making the pass indicated above, appellant was driving at a speed of approximately 40 to 45 miles per hour and the bus was traveling at a speed of approximately 30 miles per hour.

8. The fog at the place of passing was less dense than it was north and south of such place.

9. After passing the bus, appellant reduced the speed of his vehicle and turned his car from the middle or passing lane toward the western or southbound lane, when so doing his lights at close range showed in the western lane another automobile proceeding in a southwardly direction ahead of him, but without lights.

10. To avoid collision, being faced with a sudden emergency, appellant endeavored to pass the unlighted vehicle, when such unlighted vehicle veered to the east. Thereupon appellant immediately applied his

brakes. In so doing his car skidded and partly entered the eastern or northbound lane and sideswiped a car in that lane, then and there proceeding northwardly.

11. The car without lights, after the collision, was driven away in a southerly direction and was not identified as it did not stop.

The Secretary of Revenue suspended appellant's motor vehicle operating privileges for a term of 90 days by reason of "driving too fast for conditions" and from that order the present appeal was taken to this court.

<em>Discussion</em>

The essential facts are stated in the findings of fact.

"Too fast for conditions" is a relative term susceptible of broad interpretation. Here we have a physician, a general practitioner, whose practice embraces a small borough and a large area of adjacent country, driving at 1:45 a.m. on a foggy night on his way to a hospital to visit a sick patient. He was following a bus which was going at about 30 miles per hour. After following it for some distance he came to a place where the fog was a little lighter along a service station which was illuminated and there decided to pass the bus. He passed the bus without mishap and began to slow down somewhat. At this point a car without lights appeared in the fog just ahead of him, he attempted to pass and the unlighted car veered, he put on his brakes, his car skidded and sideswiped a car approaching in the opposite direction in its proper lane. There is nothing which definitely indicates that appellant's speed was too fast for conditions which should or could be known by him. The danger was caused by a situation not foreseeable, for who can be expected to foresee an unlighted car traveling on a highway in a fog. As the prosecution was a

criminal one, the violation must be proven beyond a reasonable doubt and to us there seems to be doubt. All the circumstances are such that in this court's opinion no suspension of driving privileges should be imposed.

Now, December 10, 1954, the order of the Secretary of Revenue is reversed and the suspension vacated at the cost of the Commonwealth.